NO. 12-00-00284-CR



IN THE COURT OF APPEALS
 


TWELFTH COURT OF APPEALS DISTRICT



TYLER, TEXAS


ALASON JOHNNY LEWIS,
§
 APPEAL FROM THE 114TH

APPELLANT


V.
§
 JUDICIAL DISTRICT COURT OF


THE STATE OF TEXAS,

APPELLEE
§
 SMITH COUNTY, TEXAS

 

MEMORANDUM OPINION (1)


 Alason Johnny Lewis ("Appellant") appeals his conviction for the offense of aggravated
assault of Grayling Jones ("Jones"). A jury found him guilty as charged and assessed his punishment
at five years of imprisonment. Appellant raises a single issue contending that the trial court erred
by allowing testimony of extraneous acts committed by Appellant in connection with the aggravated
assault. We affirm.

 The record reflects that Appellant went to his former girlfriend's place of employment
looking for her ("Jordan") and Jones. After a period of verbal confrontation, Appellant began
physical assaulting Jones because Jordan was talking to him. Appellant also hit Jordan in the face
when she tried to call the police. Appellant then struck Jones on the head with a bottle and a trash
can and then left. Appellant called Jordan several times while the police were at the scene,
threatening to get her if charges against him were not dropped.

 Appellant objected when the State advised that it intended to voir dire on Appellant's
extraneous acts against Jordan. The trial court ruled the evidence was relevant and that the probative
value of the evidence was not outweighed by its prejudicial effect. Appellant did not object when
the same evidence was introduced later at trial.

 Since Appellant did not object to the evidence when it was introduced, he waived his right
to complain about the admission of this evidence on appeal. Tex. R. App. P. 33.1; Mathis v. State,
67 S.W.3d 918, 926-27 (Tex. Crim. App. 2002); Ladd v. State, 3 S.W.3d 547, 569 (Tex. Crim. App.
1999). In order to preserve error, the objecting party must object each time the objectionable
evidence is offered. Fuentes v. State, 991 S.W.2d 267, 273 (Tex. Crim. App. 1999); Ethington v.
State, 819 S.W2d 854, 858 (Tex. Crim. App. 1991). By failing to object when the same evidence
was offered again at trial, Appellant waived any complaint. Fuentes, 991 S.W.2d at 273; Ethington,
819 S.W2d at 858. Appellant's issue is overruled.

 The judgment of the trial court is affirmed.


 JIM WORTHEN 

 Justice


Opinion delivered August 16, 2002.

Panel consisted of Worthen, J., and Griffith, J.

Gohmert, Jr., Louis B., Chief Justice, concurring


 Since it seems vitally important that our opinions be clear and without inferences that may
mislead, this concurrence became necessary. Though it is true that an objecting party must object
each time objectionable evidence is offered in order to preserve error as pronounced above, to state
this in a case in which the evidence may well be admissible has the potential to mislead. It is
reasonable to consider that, after objecting before voir dire, the trial counsel did not object at trial
because counsel knew that the evidence in question was actually admissible on a number of bases.
However, this court does not reach this issue because the right to appeal the point has been waived.
Tex. R. App. P. 33.1; Mathis v. State, 67 S.W.3d 918, 926-27 (Tex. Crim. App. 2002); Ladd v.
State, 3 S.W.3d 547, 569 (Tex. Crim. App. 1999). 



 LOUIS B. GOHMERT, JR. 

 Chief Justice



(DO NOT PUBLISH)
1. See Tex. R. App. P. 47.1.